BOB COLE BAIL BONDS, INC. *v.* Linda HOWARD,
Crawford County Circuit Clerk, et al.

91-176                                    819 S.W.2d 274

Supreme Court of Arkansas
Opinion delivered November 18, 1991

*Person & Hughes*, by: *Gary D. Pearson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Bob Cole Bail Bonds, Inc., appeals from the trial court's denial of its motion for declaratory judgment, concerning the interpretation of Ark. Code Ann. § 17-17-306 (1989 and Supp. 1991), the posting of bail bondsmen lists in facilities housing persons in custody. The trial court held that bondsmen are to be placed on the annual lists in the order in which they register with the circuit clerk each year. We reverse and remand.

Act 417 of 1989 governs the practice of bail bondsmen. Upon proper application to the State Insurance Commissioner, a bondsman is issued a license. Thereafter, the bondsman retains his license with an annual renewal application, barring any violations of the provisions of Act 417 or the rules and regulations of the commissioner. *See* Ark. Code Ann. §§ 17-17-201 through 207 (1989 and Supp. 1991). The sheriff and circuit clerk in each county are provided with a list of all licenses and any revocations or suspensions. Section 17-17-206.

Local jails and detention centers are required to post a list of licensed bondsmen for the benefit of the inmates. A bondsman who wishes to be included on the list in a certain county "registers" with the appropriate county circuit clerk, for that purpose, in accordance with section 17-17-306. The statute provides in pertinent part:

> (a)　The chief law enforcement officers of any facility having individuals or prisoners in their custody shall post in plain view in the facility housing those individuals or prisoners a list provided by the circuit clerk.

> (b)　The list prepared by the circuit clerk and approved by the circuit court shall contain the names of professional bail bondsmen who register with the clerk for the purpose of being included on the list.

> (c)　Professional bail bondsmen shall be included on the list *in the order in which they initially register* with the clerk.

(Emphasis added.)

In 1989, the appellant obtained its license from the commissioner, and was the first bond company to register with the Crawford County Circuit Clerk's office; subsequently, appellant was placed at the top of the list posted in the Crawford County Detention Center, in compliance with section 17-17-306(c).

The following year, appellee Bob Underwood was the first bail bondsman to present his license to the Crawford County Circuit Clerk and his company, instead of the appellant's, was placed at the top of the list for 1990. The appellant properly renewed its license with the commissioner, but was the last

company to present its license to the Crawford County Circuit Clerk, thereby receiving the last position on the list.

The appellant filed a motion for declaratory judgment claiming that because it was the first bondsman to register in 1989, it is forever entitled to remain first on the list, barring the loss of its license due to revocation, suspension, surrender, or non-renewal. From the trial court's denial of the motion, comes this appeal.

The order of the list is important, appellant argues, because the top-listed bondsman receives a greater volume of business due to the fact that most defendants consult the first name to appear. The issue is whether the order in which bondsmen "initially register," under section 17-17-306(c), means, as the appellant contends, the first time the bondsman registers with the clerk (thereafter keeping his place by proper renewal), or the yearly presentation of a newly registered or renewed license, as interpreted by the trial court. While we agree with the appellees that the former interpretation leads to the anomalous result that one bondsman may forever retain a corner on the market, merely because he was first to register in 1989, the wording of the statute does not permit us to conclude otherwise.

■■ The first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Bolden* v. *Watt*, 290 Ark. 343, 719 S.W.2d 428 (1986); *see also Graham* v. *Forrest City Housing Auth.*, 304 Ark. 632, 803 S.W.2d 923 (1991). The legislature's inclusion of the word "initially", in the section at issue, inescapably reflects an intention that the lists remain in the order in which the bondsmen register *for the first time* with the clerk.

Registration for the purpose of being placed on a bondsmen list is obviously optional; however, once a properly licensed bondsman does so, section 17-17-306(c) mandates that the order in which he registers permanently determines his position on the list. Annual "registration" with the circuit clerk, evidencing license renewal, is not required, as the clerk will receive this information from the commissioner. *See* section 17-17-306 and 206.

Reversed and remanded with directions consistent with this opinion.