The Honorable W.R. "Bud" Rice State Representative P.O. Box H Waldron, Arkansas 72958-0230
Dear Representative Rice:
This is in response to your request for an opinion on the continued employment of a Scott County Sheriff's Office employee who married the sheriff. Specifically, you state that on January 8, 1990, the Scott County Quorum Court passed Ordinance 90-02, which contains a nepotism clause which states: "[a]n elected official shall not hire or appoint for employment any person who is of the immediate family by blood or marriage." See Ordinance 90-02, § 10(A). You indicate that it was the understanding of the Quorum Court that this clause would prevent family members from working for an elected official. Your question in this regard is as follows:
 The Scott County Sheriff recently married an employee of his in the Sheriff's Office. The Sheriff is claiming that he did not hire her, since she was already an employee when he took office. Can this employee continue to work for the Sheriff, since she is now his wife?
It is my opinion that the continued employment of the sheriff's wife is not prohibited by state law, or by the plain language of Section 10 of Scott County Ordinance 90-02.
With regard to any question of whether the continued employment violates state law, please note that I have attached a copy of Op. Att'y Gen. 89-220, which concludes that state law does not include a general nepotism prohibition.
The question of whether the continued employment violates the Scott County Ordinance will depend upon a construction of the language thereof. I should note that ordinarily this office, in an opinions context, concerns itself with the construction of state law, and does not construe the language of county ordinances. The construction of such ordinances necessarily involves the intent of the quorum court, a factor this office is not well situated to address. The opinion of the county attorney with regard to your question would therefore be advisable.
I will note, however, that the enactment of nepotism ordinances by counties is sanctioned by state law. See A.C.A. §14-14-805(2), and Henderson v. Russell, 267 Ark. 140,589 S.W.2d 565 (1979). Additionally, the language of the ordinance in question will be construed just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bob ColeBail Bonds Inc. v. Howard, 307 Ark. 242, 819 S.W.2d 274 (1991).
It is my opinion that the language of the ordinance, which forbids an elected official to "hire or appoint for employment" any immediate family member, will be construed on its face. The word "hire" implies the act of engaging the services in question. Webster's Seventh New Collegiate Dictionary (1972) at 394. (Emphasis added). Similarly, the word "appoint" means theexercise of the power of appointment. Id. at 43. (Emphasis added). The facts with which we have been presented do not indicate that the sheriff has "hired" or "appointed" a family member. An employee has become a member of the sheriff's immediate family, but this apparently occurred subsequent to the time the employee was hired or appointed. Had the quorum court intended to prohibit this set of facts, it could easily have expressed the intent to do so.
It is therefore my opinion that the answer to your question is in all likelihood "yes."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh