The Honorable Bill J. Ford, Commissioner Arkansas State Bank Department 323 Center Street, Suite 500 Little Rock, Arkansas 72201-2613
Dear Mr. Ford:
This is in response to your request for an opinion on Act 154 of 1993. Specifically, you note that this act is entitled "AN ACT TO AMEND ARKANSAS CODE 23-32-224 TO ELIMINATE THE REQUIREMENT THAT BANK DIRECTORS MUST OWN STOCK IN THE BANK; AND FOR OTHER PURPOSES." You also note, however, that the text of the act leaves intact language of the statute which appears to still require that a bank director own stock in the bank. Your question with reference to these facts is as follows:
 Whether use of the word `from' in line 22 of page 1 of Act 154 of 1993, requires that a member of a state bank's board of directors must be a stockholder of that bank or its bank holding company in order to be elected as a member of a state bank's board of directors?
It is my opinion, although the issue is not entirely clear, that a court, if faced with the question, would in all likelihood conclude that the answer to your question is "yes."
Act 154 amends A.C.A. § 23-32-224 (Cum. Supp. 1991),[1] by removing former subsection (b) of the statute which provides:
 (b) No person shall be eligible to serve as a director of any bank organized or existing under the laws of this state unless he shall be a bona fide owner in his individual name and not jointly, of stock, fully paid up and not hypothecated, amounting to either a minimum par value of five hundred dollars ($500) or owning fifty (50) shares of stock of that bank, or of a bank holding company which owns fifty-one percent (51%) of the stock in that state bank.
Act 154, however, leaves intact subsection (a)(1) of the statute which provides that:
 The affairs of any incorporated bank organized under the laws of this state shall be managed and controlled by a board of directors of not less than three (3), who shall be selected from stockholders either of the bank or of its bank holding company,
as defined in § 23-32-303 at such times and in such manner as may be provided by its bylaws. [Emphasis added.]
It is the emphasized language above which gives rise to your question. This language retains the requirement that bank directors be selected "from stockholders," despite the act's elimination of former subsection (b) and the title of the act which declares its purpose to be to eliminate the requirement that bank directors own stock. We are thus presented with a situation where the intent of the act as expressed in the title conflicts with the express language of the text of the act, which still requires bank directors to be stockholders, although the text does not now contain any minimum dollar or percent requirement in this regard.
There are several principles of statutory construction which are relevant in analyzing this conflict. It has been stated that the basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the legislature. Graham v. Forrest City Housing Authority,304 Ark. 632, 803 S.W.2d 923 (1991). It has been held, however, that this intent is to be determined primarily from the language of the statute considered in its entirety. Thompson v. Younts,282 Ark. 524, 669 S.W.2d 471 (1984). Another primary rule of statutory construction is that statutes are to be construed just as they read, giving words their ordinary and usually accepted meaning in common usage. Bob Cole Bail Bonds, Inc. v. Howard,307 Ark. 242, 819 S.W.2d 274 (1991). It has been held, therefore, that a construction to give effect to the legislative intent cannot work a "distortion of the fair meaning of the language used." Flippin v. U.S., 121 F.2d 742 (8th Cir. 1941), cert.denied, 314 U.S. 677. Where the language of a statute is clear, it is given its plain meaning, and the court need not resort to a search for legislative intent (Roy v. Farmers Merchants Ins.Co, 307 Ark. 213, 819 S.W.2d 2 (1991)), and the Supreme Court has no authority to legislate or to construe a statute to mean other than what it says, if the statute is plain and unambiguous.Weston v. State, 258 Ark. 707, 528 S.W.2d 412 (1975). Finally, it has been held that the title of an act, while it is no part of the act, may be looked to if the act itself is ambiguous. Berryv. Gordon, 237 Ark. 547, 376 S.W.2d 279 (1964); Henderson v.Russell, 267 Ark. 140, 589 S.W.2d 565 (1979). It has been held, however, that unless the language of the act is ambiguous, the title is not resorted to for the purpose of construction, and the title of an act cannot overcome the meaning of plain and unambiguous words used in its body. Weir v. U.S., 339 F.2d 82
(8th Cir. 1964).
It is my opinion, applying these precepts, that subsection (a)(1) of Act 154, which requires bank directors to be selected "from stockholders," is unambiguous. The language of this provision, which is retained by Act 154, requires that the directors be selected "from stockholders," the plain import of which is to limit the source or pool of potential directors to stockholders. The word "from" in this provision, in my opinion, is used as a function word to indicate the "source, cause, agent or basis."Webster's Seventh New Collegiate Dictionary (1972) at 335. There is simply no other way to reasonably construe this language. Although the title of the act may indicate a contrary intent, the title of an act is not resorted to unless the language of the text is ambiguous, and the title cannot overcome the plain language retained in subsection (a). Id. Although the legislature may have intended a different result, it is my opinion that it has simply not accomplished this intention through the language of Act 154. The statute requires bank directors to be stockholders, although there will no longer be any minimum requirement in this regard.
It is therefore my opinion that the answer to your question is "yes."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Act 982 of 1993 also amends this statute. It also omits former subsection (b), but retains the pertinent language of (a)(1). The title and other provisions of Act 982, however, are not relevant to your question.