Dr. Robert R. Hoffmann, D.C., President, Arkansas State Board of Chiropractic Examiners 501 Woodlane, Suite 136 Little Rock, Arkansas 72201
Dear Dr. Hoffmann:
This is in response to your request for an opinion regarding the following question:
 Whether acupuncture falls within the scope of practice of chiropractic, as defined in A.C.A. § 17-81-102?
At present, the practice of acupuncture is not addressed by statute or regulation in Arkansas; therefore, in order to answer your question, it is necessary to determine whether the practice of acupuncture would fall within the meaning of the Arkansas Chiropractic Practices Act, as codified at A.C.A. §§17-81-102—315 (Repl. 1992). The practice of Chiropractic is defined under A.C.A. § 17-81-102(3)(A) (Repl. 1992), as follows:
 "Practice of chiropractic" means the engagement for compensation in the diagnosis and analysis of any interference with normal nerve transmission and expression, and the procedure preparatory to and complementary to the correction thereof by an adjustment of the articulations of the vertebral column, its immediate articulations, including spinal adjustments, spinal manipulations, and spinal mobilizations, such as any type of pressure, force, thrust, or passive movement, singular or plural, applied to the spinal vertebrae or their adjacent articulations by hand or mechanical device or by other incidental adjustments, for the restoration and maintenance of health. The practice of chiropractic includes therapy, the normal regimen, and rehabilitation of the patient for the purpose of removing any injury, deformity, or abnormality of human beings without the use of drugs or surgery;
The above section of the statute sets forth those procedures in which a chiropractor may engage. It is, however, the section of the Arkansas Chiropractic Practices Act that sets forth those procedures in which a chiropractor may not engage upon which I base my opinion that it is questionable whether the practice of acupuncture is embraced within the scope of the Arkansas Chiropractic Practices Act. That section is codified at A.C.A. §17-81-102(3)(B) (Repl. 1992), and reads as follows:
 The practice of chiropractic, as authorized under the provisions of this chapter, shall not include the performance of the duties of a midwife or obstetrician, therapy by the use of ionizing radiation, incisive surgery, prescribing for or administering to any person any drug to be taken internally, or puncturing the skin for the purpose of introducing any substance into the body.
Nothing herein shall prevent puncturing the skin for routine blood analysis, including red blood count, white blood count, differential and serology, in the practice of chiropractic for diagnostic purposes; (Emphasis added.)
In construing this statute, or any statute, it is the court's duty to "construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language." BobCole Bail Bonds, Inc. v. Howard, 307 Ark. 242, 244,819 S.W.2d 274 (1991). The plain language of the statute above excludes from the practice of chiropractic "puncturing the skin for the purpose of introducing any substance into the body." Acupuncture is defined as, "an original Chinese practice of puncturing the body to cure disease or relieve pain." Webster's Seventh New Collegiate Dictionary 10 (7th ed. 1972). Thus, puncturing the skin is, by definition, involved in the practice of acupuncture. Substance is defined as, "that which has mass and occupies space; matter." The American Heritage Dictionary Second College Edition 1213 (2nd ed. 1985). Thus, "substance" would include needles, which are the primary tools used in acupuncture. In addition, the plain language of the statute refers to any substance. Thus, under the rules for construction of statutes, the plain language of the statute and common meanings of the words used therein indicate that it is questionable whether acupuncture would be allowed under A.C.A. § 17-81-102(3)(B) (Repl. 1992).
An argument can be made, however, that acupuncture does not involve the introduction of substances into the body, and that, therefore, A.C.A. § 17-81-102(3)(B) would not prohibit the practice of acupuncture. Such an interpretation, however, requires a broad reading of the statute and one which might not be permitted by the courts. For this reason, I would advise the Board to exercise great caution in consideration of any rule permitting acupuncture. The wiser and far more certain course would be to seek legislative clarification or court approval permitting chiropractors to engage in this additional procedure as part of their practices.
In sum, the term "acupuncture" appears nowhere within the Arkansas Chiropractic Practices Act. In addition, the statutory rules of construction, as stated by the Arkansas Supreme Court, require that a statute is to be construed just as it reads, giving words their ordinary and usually accepted meanings in common language. Bob Cole Bail Bonds, Inc. v. Howard,307 Ark. 242, 819 S.W.2d 274 (1991). For these reasons, it is my opinion that it is questionable whether the practice of acupuncture would be an authorized practice under the Arkansas Chiropractic Practices Act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh