The Honorable Mike Ross State Senator P.O. Box 374 Prescott, Arkansas 71857
Dear Senator Ross:
This is in response to your request for an opinion on whether the following items would be considered "personnel policies" for purposes of A.C.A. § 6-17-201(a) (Cum. Supp. 1991):
 (a) the school calendar for teachers which identifies student instructional days, teacher in-service days and parent/teacher conference days;
 (b) the required arrival and departure times for teachers each work day; and
 (c) the time allotted each day for classroom instruction, classroom preparation, lunch, morning and afternoon breaks and other duties such as bus duty or recess.
As you have noted, A.C.A. § 6-17-201(a) requires each school district to have a written set of "personnel policies," including the teacher salary schedule. The term "personnel policies" is not defined by the legislature, and your question is whether the items enumerated above would fall within the definition of this term. You indicate that a 1984 Attorney General Opinion (84-167) states, with reference to this term, that "by their very nature, personnel policies include guidelines to be followed by employees in carrying out the manner of their work."
Although this office cannot provide a controlling definition of a term where the legislature has not elected to provide one, the first rule in determining the language of a statute is to construe it just as it reads, giving words their ordinary meaning in common usage. Bob Cole Bail Bonds, Inc. v. Howard,307 Ark. 242, 819 S.W.2d 274 (1991). It is my opinion, pursuant to this maxim, that the term "personnel policies" would include the three items enumerated above. Each of these items relates primarily to the regulation of hours of work. It is my opinion that this category of regulation is encompassed with the term "personnel policies." Cf. generally, Crooker v. Bureau of Alcohol,Tobacco Firearms, 670 F.2d 1051 (D.C. Cir. 1981), (holding the term "personnel rules and practices" in the federal Freedom of Information Act to clearly include "pay, pensions, vacation, hours of work, lunch hours, parking etc." as well as more significant matters). See also, Hardy v. Bureau of Alcohol,Tobacco Firearms, 631 F.2d 653 (9th Cir. 1980); and Caplan v.Bureau of Alcohol, Tobacco Firearms, 587 F.2d 544 (2d Cir. 1978).
It is therefore my opinion that the answer to your question is "yes."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh