The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion concerning the appropriate procedures for maintaining voter registration affidavits and for verifying voters' signatures at elections. Specifically, you reference Section 7 of Amendment 51 to the Arkansas Constitution. That provision requires the county clerk in each of the counties in the state to maintain three separate files in which the voter registration records of the voters of that county shall be kept. Section 7(a)(1) of Amendment 51 states that one file shall contain, "securely fastened," all original copies of the voter registration affidavits; Section 7(a)(2) of Amendment 51 requires that a second file contain, "securely fastened in binders suitable for locking," all duplicate copies of the voter registration affidavits; and Section 7(a)(3) states that a third file shall contain, "securely fastened in binders suitable for locking," all triplicate copies of the voter registration affidavits.
Additionally, you reference Act 487 of 1993, which amended A.C.A. §§ 7-5-305, 7-7-308, and 7-7-310(a), to provide that voter registration lists, in lieu of voter registration binders, may be used by election officials in any election conducted in the state in order to ascertain the identification of qualified voters at each precinct. Additionally, Act 487 of 1993 sets forth the information that must be contained in such voter registration lists, as well as the proper procedures to be utilized in assuring that a voter's signature matches the signature on the voter registration list. With regard to Act 487 and Amendment 51, you pose the following seven questions:
 1. Would maintaining the original copies of the affidavits of registration in a locked file cabinet or cabinets satisfy the requirement of Section 7(a)(1) of Amendment 51 to the Arkansas Constitution that these documents be "securely fastened"?
 2. Is there a particular legal definition of the term "binder," as used in Act 487 of 1993 and Section 7 of Amendment 51 to the Arkansas Constitution?
 3. May the duplicate copies of the affidavits of registration be stored in non-binder containers, such as filing cabinets or cardboard boxes, and transported to the various precinct locations for use on election day in those same containers or must they be placed in binders?
 4. May the triplicate copies of the affidavits of registration be stored in non-binder containers, such as filing cabinets or cardboard boxes, and transported to the various precinct locations for use on election day in those same containers or must they be placed in binders?
 5. Does the term "fastened and locked" in Section 7(d) of Amendment 51 to the Arkansas Constitution imply the lock will be an integral part of the binder or could it be a separate mechanism?
 6. Act 487 of 1993 provides that voter registration lists may be used in lieu of binders at voting precincts. Amendment 51 of the Arkansas Constitution, at Section 13, states that the voter shall not receive a ballot unless the signature of the person on the affidavit of registration and his signature in the appropriate space on the record of voting form thereon are deemed by the judges to be identical. Can voter registration lists, with the image of the voters signature, be used at the polls in lieu of binders at the voting precincts?
 7. Can election precincts with no access to signature imaging from the original voter registration affidavit nevertheless use lists in lieu of binders?
In my opinion, the answer to your first question is "yes." Keeping the original copies of the affidavits of voter registration in a locked file cabinet or cabinets would, in my opinion, satisfy the requirement of Section 7(a)(1) of Amendment 51 that these records be "securely fastened." The term "fasten" has been defined to mean "to make fast or secure, as by locking, shutting, buttoning, etc." Webster's New World Dictionary 508 (2d ed. 1974). Additionally, unlike Sections 7(a)(2) and 7(a)(3), Section 7(a)(1) of Amendment 51 does not mention, and presumably therefore does not require, that the original copies be stored in binders. Thus, the use of file cabinets to store original copies of the voter registration affidavits would be acceptable, and a lock on such cabinets would, in my opinion, satisfy the requirement that they be "securely fastened."
In response to your second question, it is my opinion that the term "binder," as used in Amendment 51 and Act 487 of 1993, refers to a type of notebook which allows sheets of paper to be inserted and removed. In construing Act 487 of 1993 or any other statute, it is the court's duty to "construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language." Bob Cole Bail Bonds, Inc. v. Howard,307 Ark. 242, 244, 819 S.W.2d 274 (1991). In that regard, the term "binder" has been defined to mean "a detachable cover with clasps or the like for holding sheets of paper together." Webster's NewWorld Dictionary 141 (2d ed. 1974).
With regard to your third question, Section 7(a)(2) of Amendment51 to the Arkansas Constitution requires county clerks to maintain a precinct registration file which shall contain, "in binders suitable for locking," all duplicate copies of the voter registration affidavits for the voters of that county. Additionally, Section 7(d) of Amendment 51 requires that the precinct registration file containing the duplicate copies of the voter registration affidavits be delivered to the polling places for use during elections, and that before such delivery, the binders containing the voter registration affidavits in the precinct registration files are to be "securely fastened and locked." Considering these provisions, it is my opinion that the duplicate copies of voter registration affidavits must be stored in binders which are suitable for locking. See Section 7(a)(2) of Amendment 51 to the Arkansas Constitution. Accordingly, such duplicate copies cannot simply be stored in a file cabinet or other non-binder container. Additionally, Section 7(d) of Amendment 51 specifically provides that these duplicate copies are to be securely fastened and locked before delivery to polling places during an election, and since duplicate copies, pursuant to Section 7(a)(2), are to kept in binders which are suitable for locking, it is my opinion that these copies are to be transported in such binders. In sum, it is my opinion that duplicate copies of the voter registration affidavits may not be stored in non-binder containers, nor can they be transported to polling places for an election in non-binder containers.
In response to your fourth question, it is my opinion that the answer is the same as I have outlined above in response to your third question. Section 7(a)(3) of Amendment 51 to the Arkansas Constitution specifically provides that precinct registration files shall contain, "securely fastened in binders suitable for locking," all triplicate copies of the voter registration affidavits for all voters of that county.
In response to your fifth question, it is my opinion that the term "fastened and locked," as appears in Section 7(d) of Amendment 51 to the Arkansas Constitution, refers to a lock that is an integral part of the binder in which the copies of voter registration affidavits are stored. This opinion is based on the fact that Sections 7(a)(2) and 7(a)(3) require that duplicate and triplicate copies of the affidavits be kept in, and securely fastened in, "binders suitable for locking." It seems clear that this provision refers to binders which have locks as an integral part of the binder itself. In my opinion, Section 7(d) of Amendment 51 simply requires that such locks, which are an integral part of the binders, be utilized during transport of the binders to polling places during elections.
Your sixth question refers to Act 487 of 1993 and Section 13 of Amendment 51 to the Arkansas Constitution. Act 487 of 1993 provides that voter registration lists, in lieu of binders, may be used at voting precincts. Section 13(b) of Amendment 51 states the following:
 No registered voters shall receive a ballot for any election unless the signature of the person on the Affidavit of Registration . . . and his signature in the appropriate space on the Record of Voting Form or supplement thereto are deemed by the judges to be identical.
Your question asks whether, in light of this section of Amendment 51 and Act 487, voter registration lists, with the image of the voter's signature, can be used at voting precincts in lieu of binders. Since Sections 2(b)(2) (3) and Sections 3(b)(2) (3) of Act 487 of 1993 specifically provide that such use is permissible, I assume that you are asking whether Act 487 is constitutional in light of Section 13(b) of Amendment 51. It has been held that acts of the legislature are presumed to be constitutional and will be struck down only where there is a clear incompatibility between an act and the Arkansas Constitution. Clinton v. Clinton, 305 Ark. 585, 810 S.W.2d 923
(1991). If my assumption regarding your question is correct, it is my opinion that both provisions can be read consistently. Since voter registration lists, pursuant to Section 1 of Act 487 of 1993, must contain a printed image of the signature of a registered voter (and presumably that comes from the voter registration affidavits), the requirement of Section 13(b) of Amendment 51 arguably is satisfied. As with Section 13(b) and the use of binders, the requirements relating to voter registration lists include matching a voter's signature which he makes at the time of voting with a signature on the voter registration affidavit, which, in the case of voter registration lists, will be done by using an image of that signature.
In response to your seventh question, it is my opinion that the answer is "no." Section 1 of Act 487 of 1993 sets forth those items which voter registration lists must contain if such lists are used by election officials instead of binders. One such item is a printed image of the signature of each registered voter within the precinct. Therefore, if an election precinct has no access to signature imaging from the original voter registration affidavit, it is my opinion that such a precinct cannot use voter registration lists as provided for in Act 487 of 1993.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh