The Honorable David A. Bisbee State Representative 174 Pyramid Drive, Route 1 Rogers, Arkansas 72756
Dear Representative Bisbee:
This is in response to your request for an opinion regarding Act 608 of 1993. This act amends A.C.A. § 6-13-619(a) to provide that school board meetings shall be held at specified times, and reads as follows:
 The board of directors shall hold regular monthly meetings during the school term and shall meet on call of the president or secretary, or any three (3) members of the board, or when petitioned to do so by a petition in writing signed by fifty (50) electors in the district. Regular meetings of the school board and all school board committees and special meetings of the school board and school board committees that deal with personnel or personnel policies shall, except in emergency situations, be held after five (5:00) p.m. [Emphasis added.]
This office has previously written two opinions in which Act 608 of 1993 was construed to require the following:
 1. All regular meetings of school boards and school board committees shall be held after 5:00 p.m., except in emergency situations.
 2. All special meetings of school boards and school board committees that deal with personnel or personnel policies shall be held after 5:00 p.m., except in emergency situations.
 3. All special meetings of school boards and school board committees not pertaining to personnel or personnel policies are not restricted by the "after 5:00 p.m." time frame.
See Op. Att'y Gen. No. 93-161. See also Op. Att'y Gen. No.93-145.
Your questions regarding Act 608 and this office's interpretation of the act are as follows:
 1. Are the previous two attorney general opinions concerning Act 608 correct?
 2. If so, what constitutes an "emergency" within the meaning of Act 608?
 3. Would the inability of a school board to obtain a quorum after 5:00 p.m. constitute an "emergency" within the meaning of Act 608?
 4. Can any school board or school board committee meet before 5:00 p.m., other than in the case of an "emergency"?
In response to your first question, it is my opinion that the answer is "yes." I am satisfied that this office's two previous opinions concerning Act 608 are correct. Accordingly, I read the act as requiring school boards and school board committees to meet as specified in Op. Att'y Gen. No. 93-161, as set forth above.
As to your second question, the term "emergency situations" is not defined in Act 608. However, a statutory rule of construction to be utilized in construing this statute, or any statute, is to "construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language." Bob Cole BailBonds, Inc. v. Howard, 307 Ark. 242, 244, 819 S.W.2d 274 (1991). In this regard, the term "emergency" has been defined as "a sudden, generally unexpected occurrence or set of circumstances demanding immediate action." Webster's New World Dictionary 457 (2d ed. 1974). See also Black's Law Dictionary 469 (5th ed. 1979); State v. Perry, 29 Ohio App.2d 33, 278 N.E.2d 50, 53
(1972). Additionally, the Arkansas Supreme Court, in commenting on the circumstances necessary for calling special sessions of quorum courts, has defined "emergency" as meaning simply "a pressing necessity." Kleiner v. Parker, 177 Ark. 671, 675,8 S.W.2d 434, 435 (1928).
Therefore, it is my opinion that a case-by-case determination will be required in order to determine whether an "emergency situation" exists for purposes of Act 608, such that regular meetings of school boards and all school board committees and special meetings of school boards and school board committees that deal with personnel or personnel policies can be held before 5:00 p.m.
As to what circumstances would constitute an "emergency situation" within the meaning of Act 608, you have posed the following example in your request:
 A school district has several building projects in progress. The school board needs to examine the work and meet on site with the contractors and architects. Both daylight and monetary considerations make this virtually prohibitive after 5:00 p.m. Even though this is a matter of routine, is it an emergency?
In response to this example, it is my opinion that a special meeting can be held in the circumstances you describe since special meetings of school boards and school board committees which do not pertain to personnel or personnel policies are not restricted by the "after 5:00 p.m." time frame in Act 608. See
Op. Att'y Gen. No. 93-161. Accordingly, it is unnecessary to determine whether such circumstances constitute an "emergency situation" within the meaning of Act 608.
In response to your third question, it is my opinion that the answer is "no." This situation would not appear to fit within the definitions of "emergency" as set forth above. Additionally, as a practical matter, it seems that it would indeed be easier, not more difficult, to obtain a quorum for a school board meeting after 5:00 p.m., rather than before 5:00 p.m., since, presumably, many school board members have daytime jobs.
In response to your fourth question, it is my opinion that special meetings of school boards and school board committees which do not pertain to personnel or personnel policies may occur before 5:00 p.m., regardless of whether there is an emergency. As stated previously in response to the example posed in your second question, such meetings do not appear to be restricted by the "after 5:00 p.m." time frame as appears in the act. See Op. Att'y Gen. No. 93-161.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh