The Honorable Dan Harmon Prosecuting Attorney Seventh Judicial District 217 West Conway, P.O. Drawer 999 Benton, Arkansas 72015
Dear Mr. Harmon:
This is in response to your request for an opinion regarding A.C.A. 14-22-111 (1987), which relates to county purchasing procedures and provides the following:
 (a) All contracts shall be awarded to the lowest responsible bidder, taking into consideration all relevant facts, including, without limitation, quality, time of performance, probability of performance, and location.
 (b)(1) Any bid may be rejected by the purchasing official.
 (2)(A) Where bids are rejected, but the proposed purchase is not abandoned, and the circumstances indicate that further solicitation for bids would be to the best interest of the county, new bids may be called for.
 (B) If the low bid is not accepted, a written statement shall be made by the purchasing agent and filed with the county clerk giving reasons for such refusal.
(c) All bidders shall be given equal consideration under the provisions of this chapter, except that when the bid represents items manufactured or grown in the county or offered for sale by business establishments having their principal place of business in the county with the quality being equal to articles offered by competitors outside the county, then the bidder shall be allowed a differential of not to exceed three percent (3%) of the purchase price in determining the low bid. However, in each instance in which this bid preference is requested, the bidder must so indicate before the date and time fixed for opening the bids and thereafter furnish satisfactory proof if requested.
 (d) In all cases where there are equal or tie bids, preference shall be given to residents or firms located and doing business in the county. [Emphasis added.]
From your correspondence, I assume that one of the counties in your district is currently receiving bids from contractors for the construction of a hospital building.[1] You indicate that one of the bidders for the project is claiming that he should be given a preference or differential of three percent (3%), pursuant to A.C.A. 14-22-111, since he is a local contractor. With regard to this matter, you have inquired as to whether the "3% differential" mentioned in A.C.A.14-22-111(c) applies to construction contracts.
In response to your question, it is my opinion that the "3% differential" or preference provided for in A.C.A.14-22-111(c) does not apply to construction contracts.
The foregoing determination is based on the language in A.C.A.14-22-111(c) which states that the "3% differential" shall apply "when the bid represents items manufactured or grown in the county or offered for sale by business establishments having their principal place of business in the county with the quality being equal to articles offered by competitors outside the county." When interpreting this statute, or any statute, it is the duty of a court to "construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language." Bob Cole Bail Bonds, Inc. v. Howard,307 Ark. 242, 244, 819 S.W.2d 274 (1991). In light of this precept, it is my opinion that the terms "items" and "articles," when viewed in the context in which they are used in A.C.A. 14-22-111(c), imply tangible or material objects. As bids for construction contracts include services, as well as materials in most cases, such contracts include more than tangible materials. Thus, it is my opinion that construction contracts fall outside the scope of subparagraph (c) of A.C.A.14-22-111. It should be noted, however, that subparagraph (d) of A.C.A. 14-22-111 provides that "preference shall be given to residents or firms located and doing business in the county" in all cases where there are equal or tie bids. As this section contains no language which limits its applicability to only certain types of contracts, it is my opinion that a local bidder for a construction contract could be given a preference in those cases in which there are equal or tie bids.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] I assume that the county is proceeding in this instance pursuant to A.C.A. 14-22-104(1) (1987), which requires counties to utilize formal bidding procedures where the estimated purchase price of "commodities" equals or exceeds $5,000. The term "commodities is defined as "all supplies, goods, material, equipment, machinery, facilities, personal property, and services other than personal services, purchased for or on behalf of the county." See A.C.A. 14-22-101(2). The statute codified at A.C.A. 22-9-203 (Cum. Supp. 1993) also provides that counties shall solicit bids for the erection of buildings or for the making of other permanent improvements where all estimated costs of the work exceed $10,000. At one time, certain bidders were given preference in awards of contracts covered by A.C.A. 22-9-203, but the provision providing such a preference has been repealed. See A.C.A.22-9-206 (Cum. Supp. 1993).