The Honorable D.R. "Buddy" Wallis State Representative Route 5, Box 48 Malvern, Arkansas 72104-9104
Dear Representative Wallis:
This is in response to your request for an opinion, on behalf of Mr. Robert Bolding, President of the Morning Star Fire Department, regarding the emergency lights which are required on volunteer firefighters' vehicles. Specifically, Mr. Bolding has posed the following questions:
 1. Do A.C.A. 27-36-304(a) and 27-49-219(d)(1)(B) (Cum. Supp. 1993) require the use of flashing emergency lights on vehicles owned and used by volunteer firemen while engaged in the performance of official duties as volunteer firemen?
 2. As stated in A.C.A. 27-36-304(a) (Cum. Supp. 1993), does the term "upon" mean on top of the vehicle or would dash-mounted lights be acceptable?
 3. Is it illegal for volunteer fire department personnel to travel in a vehicle without emergency lights to the scene of a fire if not responding as an emergency vehicle?
With regard to your first question, A.C.A. 27-36-304(a) provides the following:
 All state, county, city, and municipal or privately owned fire departments, funeral homes, or ambulance companies shall install, maintain, and exhibit red rotating or flashing emergency lights upon all fire department vehicles, automobiles used by firefighters, and ambulances which are equipped with emergency lighting and operated within Arkansas.
Arkansas Code Annotated 27-49-219(d)(1)(B) defines "authorized emergency vehicle" to include the following:
 Motor vehicles used by state, county, city, or municipal fire departments, motor vehicles owned and used by volunteer fire fighters while engaged in official duties, motor vehicles used by emergency medical technicians certified by the Department of Health or privately owned fire departments, and ambulances used solely for ambulance purposes which are approved as ambulances in accordance with state and federal highway safety standards, all of which shall be equipped with red rotating or flashing emergency lights. Flashing emergency lights shall be used by volunteer fire fighters solely while engaged in the performance of duties as volunteer fire fighters and by emergency medical technicians solely while engaged in the performance of duties with an ambulance service licensed by the Department of Health or an organized rescue squad or team. . . . [Emphasis added.]
It is clear from the foregoing provisions that vehicles used by volunteer firemen while engaged in the performance of their official duties are required to be equipped with red rotating or flashing emergency lights. However, I read your question as inquiring whether such lights must actually be used by volunteer firemen. While the foregoing provisions do not explicitly state that the emergency lights described therein must be actually used, presumably that was the intent of the legislature in mandating that emergency lights be installed and maintained upon such vehicles. As I find no statute which specifies those circumstances under which firefighters are to utilize their red rotating or flashing emergency lights, it appears that firefighters are to exercise their discretion in making such decisions. Reference to A.C.A. 27-37-202(b)(3)(A) (B) (1987) may, however, be looked to by analogy for guidance in such decisions. Those provisions require every authorized emergency vehicle to be "equipped with a siren, whistle, or bell capable of emitting sound audible under normal conditions from a distance of not less than five hundred feet. . ." Additionally, the statute provides that these warning devices "shall not be used except when the vehicle is operated in response to an emergency call . . . in which event, the driver of the vehicle shall sound the warning device when necessary to warn pedestrians and other drivers of the approach thereof." Utilization of the emergency lights prescribed in A.C.A.27-36-304 and 27-49-219 during travel to the scene of a fire might also help a volunteer firefighter avoid liability if an accident were to occur. See A.C.A. 16-5-101 (Cum. Supp. 1993) (providing that volunteer firefighters or board members of a volunteer fire department shall not be "civilly liable for personal injury or property damage resulting from any act or omission of a volunteer fire fighter in carrying out his or her official duties as a fire fighter if the act or omission was in good faith and did not constitute gross negligence." This provision does not, however, apply to volunteer fire departments of incorporated cities or towns.)
In response to your second question, it is my opinion that the use of "dash-mounted" lights only would not comply with the requirements in A.C.A. 27-36-304(a), which states that fire departments "shall install, maintain, and exhibit red rotating or flashing emergency lights upon all fire department vehicles. . ." [Emphasis added.] It is the use of the terms "upon" and "exhibit" in this statute which precludes, in my opinion, utilization of only "dash-mounted" lights. In construing A.C.A. 27-36-304(a), or any statute, it is the duty of a court to "construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language." Bob Cole Bail Bonds, Inc. v. Howard, 307 Ark. 242,244, 819 S.W.2d 274 (1991). In this regard, the term "exhibit" has been defined as "to present or expose to view; show; display." Webster's New World Dictionary, 491 (2d ed. 1974). The term "upon" has been defined to mean "on, or up and on." Webster's New World Dictionary 1560 (2d ed. 1974). As the presumed legislative purpose behind emergency vehicle lighting requirements is to ensure the public safety by making the lights visible to those in the path of the vehicle, it is my opinion that the use of only "dash mounted" lights would defeat this purpose since it is unlikely that such lights could be seen by the public in all instances. Thus, these lights are incapable of being "exhibited" as that term, by definition, implies. See also A.C.A. 27-37-202(c)(1) (which was enacted prior to A.C.A. 27-36-304 and overlaps somewhat with it and states that every authorized emergency vehicle shall be equipped with signal lamps and that they should be "mounted as high and be as widely spaced laterally as practicable. The vehicle shall be capable of displaying to the front two (2) alternately flashing red lights located at the same level and to the rear two (2) alternately flashing red lights located at the same level." In Walden v. Hart, 243 Ark. 650, 420 S.W.2d 868
(1967), the Court refers to this section (formerly Ark. Stat. Ann. 75-725) as requiring "that certain other emergency vehicles mount on top of the car two alternately flashing red lights.")
With regard to your third question, it is my opinion that it would be contrary to the requirements of A.C.A.27-49-219(d)(1)(B) and 27-36-304 for a volunteer firefighter to travel to the scene of a fire in a vehicle without emergency lights, even if not responding as an "emergency vehicle." Arkansas Code Annotated 27-49-219(d)(1)(B) defines "authorized emergency vehicles" to include motor vehicles "owned and used by volunteer fire fighters while engaged in official duties." [Emphasis added.] The statute also states that these vehicles "shall be equipped with red rotating or flashing emergency lights" and that "[f]lashing emergency lights shall be used by volunteer fire fighters solely while engaged in the performance of duties as volunteer fire fighters." Additionally, A.C.A.27-36-304(a) states that red rotating or flashing emergency lights must be installed, maintained, and exhibited on "all fire department vehicles" and "automobiles used by firefighters." [Emphasis added.] Thus, any type of vehicle which a volunteer firefighter uses in traveling to the scene a fire in his official capacity is required to be equipped with red rotating or flashing emergency lights. See also Op. Att'y Gen. No. 92-334 (stating that a volunteer firefighter's personal vehicle has to be equipped with emergency lights for use as an emergency vehicle).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh