WORTHEN NATIONAL BANK of Batesville *v.*
W.J. Bill McCUEN, Secretary of State

94-59                                                   876 S.W.2d 567

Supreme Court of Arkansas
Opinion delivered May 31, 1994

*Ivester, Skinner & Camp, P.A.*, by: *Hermann Ivester* and *S. Scott Luton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Patricia Van Ausdall*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Worthen National Bank of Batesville (Worthen) appeals from a ruling that Arkansas's Trademark Act, Ark. Code Ann. §§ 4-71-101 through 4-71-114 (Repl. 1991), does not empower the Secretary of State to register trademarks or service marks for a limited geographical area within the State. We affirm the decision of the Trial Court.

First National Bank of Batesville operated under that name in the Independence County area from 1944 until 1991 when it became Worthen National Bank of Batesville. In 1992, First National Bank of Arkansas expanded and also began operating

in the Independence County area. The name change of First National Bank of Batesville, coupled with the expansion of First National Bank of Arkansas, created confusion among the residents of Independence County.

In May 1992 Worthen obtained an injunction in Independence Chancery Court prohibiting First National Bank of Arkansas from using the names "First National Bank of Arkansas," "First National Bank," or "First National," in Independence County. The Chancellor found that those terms had acquired a secondary meaning in the Independence County area, and only Worthen was entitled to their use.

In March 1993 Worthen applied to the Secretary of State for a service mark for "First National Bank" with protection to be limited to Independence County. The Secretary of State denied the application because the mark is identical or confusingly similar to other marks used in the State and because he lacked authority to issue a registration on other than a state-wide basis.

Worthen sought mandamus in Pulaski Circuit Court to compel the Secretary of State to register the mark. The petition was amended to include a petition for declaratory judgment that § 4-71-105 empowers the Secretary of State to register a service mark limited to a geographical area within the State smaller than the whole State. Both parties moved for summary judgment, and the Trial Court granted the Secretary of State's motion. The order stated that § 4-71-105(a)(5) does not grant the Secretary of State the power to register a service mark for a geographical area within but smaller than the entire State. Worthen contends the Trial Court incorrectly interpreted the Arkansas Trademark Act. When interpreting statutes, we give the words their ordinary and usually accepted meanings. *Bob Cole Bail Bonds, Inc.* v. *Howard*, 307 Ark. 242, 819 S.W.2d 274 (1991). When a statute is clear, it is given its plain meaning. *Roy* v. *Farmers & Merchants Ins. Co.*, 307 Ark. 213, 819 S.W.2d 2 (1991). Section 4-71-105(a) states the contents of an application for registration of a trademark or a service mark in this State. Subsection (a)(5) provides an application must contain:

> A statement that the applicant is the owner of the mark and that no other person has the right to use the mark in

this state whether in the identical form thereof or in such a near resemblance thereto as might be calculated to deceive or to be mistaken therefor.

A service mark is deemed to be "used" in this State "when it is used or displayed in the sale or advertising of services, and the services are rendered in this state." § 4-71-101(b)(2).

Worthen contends Arkansas's trademark law is a version of the Model State Trademark Act. As the Model Trademark Act was patterned after the Lanham Act, 15 U.S.C. § 1051 through § 1128 (Supp. 1994), Worthen contends the Arkansas law should be interpreted in a manner consistent with the interpretation given to the acts in the federal and other jurisdictions. Even if we accept this contention, Worthen has not cited any cases which directly support its argument that the Secretary of State should have the power to register trademarks or service marks for a limited geographical area within the state.

Worthen cites *Application of Beatrice Foods Co.*, 429 F.2d 466 (C.C.P.A. 1970); *Burger King of Fla., Inc.* v. *Hoots*, 403 F.2d 904 (7th Cir. 1968); and *Allied Tel. Co.* v. *Allied Tel. Systems Co.*, 565 F. Supp. 211 (S.D. Ohio 1982). None of these cases supports the proposition that the Secretary of State may register a mark and limit the geographical boundaries of that registration.

*Application of Beatrice Foods Co., supra,* involved concurrent registration, authorized in 15 U.S.C. § 1052(d) (Supp. 1994). Concurrent registration is not provided for in the Arkansas Code. *Burger King of Fla., Inc.* v. *Hoots, supra,* addressed the relationship between competing federal and state registered marks. It sheds no light on the question presented here.

*Allied Tel. Co.* v. *Allied Tel. Systems Co., supra,* concerned defenses that may be asserted against a federally registered trademark. Specifically, the Court addressed 15 U.S.C. §1115(b)(5) which states that a party which has adopted a mark without knowledge of a prior registered mark is permitted to continue use of the mark, but only in the area of the adopted mark's use prior to such registration. While the opinion recognizes that use of an unregistered mark may engender rights that infringe those of the owner of a registered mark, it does not in any manner suggest that registration may be limited to a geographical area within the

198

United States but smaller than the United States. To the contrary, the District Court stated that "Pursuant to 15 U.S.C. § 1115(b), . . . the registrant of a mark, has 'the exclusive right to use the registered mark . . .' throughout the United States unless a defense or defect is applicable." 565 F. Supp. at 215-16.

■ We are not persuaded by these authorities that we should disregard the requirement for registration under the Arkansas Act that the applicant be able to state that the proposed mark is one which is not in use in Arkansas. The intent of the drafters of § 4-71-105(a)(5) was that a registered mark be one to which the owner has exclusive rights in this State. If there is to be a change incorporating provisions, such as the ones noted above in the federal law, it must come in the form of legislation.

Affirmed.