The Honorable Wanda Northcutt State Representative Post Office Box 350 Stuttgart, Arkansas 72160-0350
Dear Representative Northcutt:
This is in response to your request, on behalf of the City of Stuttgart, for an opinion concerning retired fire fighters serving as volunteer fire fighters. The letter attached to your request indicates that the City of Stuttgart has full-paid and volunteer fire fighters. The letter further provides that it has been a practice in the past for full-paid fire fighters, upon retirement, to join the volunteer fire department. It is my understanding that the city furnishes health insurance, at no cost, to full-paid and volunteer fire fighters who desire single coverage. (The premium is $204.00 per month.) In addition, full-paid and volunteer fire fighters who desire dependent coverage pay $67.50 per month, and the city pays the balance of the premium which amounts to approximately $400.00 per month. In light of the foregoing situation, you have presented the following question:
 Under A.C.A. § 24-11-818, is this insurance subsidy allowable given the definition of "compensation" as it relates to the benefit and compensation restrictions placed on retired firemen, who are now serving as volunteers?
In my opinion, the "insurance subsidy" would be considered compensation in violation of A.C.A. § 24-11-818. In addition, a city's payment of a portion of the health insurance premiums for the city's fire department retirees violates state law, because such payments unlawfully increase or supplement the amount of benefits being received by the retirees in a manner that is contrary to the provisions of A.C.A. § 24-11-101 through -830. Such payments are therefore both illegal and unauthorized under the principle that municipalities cannot pass laws that conflict with state law. See Ark. Const. art 12, § 4.
The legislature has enacted specific laws by which police and fire pension systems are to be governed. See A.C.A. § 24-11-101—24-11-830. Arkansas Code Annotated § 24-11-801 et seq. expressly address firemen's pension and relief funds, and A.C.A. § 24-11-818(f) provides in part:
 (2) Notwithstanding the provisions of subsection (a) of this section or any other law to the contrary, a person retired from service of a fire department may remain actively involved in the fire department provided the person does not receive compensation for the service provided.
 (3) Service to a fire department under subsection (f)(2) of this section shall not cause any suspension of retirement benefits payable under § 24-11-801 et seq., nor shall such service be interpreted by any board administering funds under § 24-11-801 et seq., as a reinstatement of employment in a fire department.
In sum, A.C.A. § 24-11-818(f) allows a retired fire fighter to "remain active" in the department and allows him to continue to receive his pension benefits during such time, as long as he receives no compensation for his service. See Op. Att'y Gen. 95-095.
It should be noted initially that the term "compensation," as it appears in § 24-11-818, has not been defined by the legislature, and this office cannot provide a controlling definition of a term where the legislature has not seen fit to provide one. Rules of statutory construction, however, dictate that a statute be construed just as it reads, giving words their ordinary and usually accepted meaning in common language. SeeBob Cole Bail Bonds, Inc. v. Howard, 307 Ark. 242, 819 S.W.2d 274
(1991). Black's Law Dictionary defines the term "compensation" as "remuneration for services rendered, whether in salary, fees, or commissions." Black's Law Dictionary (5th ed. 1979). In addition, I have previously opined that the payment of health insurance premiums on behalf of quorum court members would likely be considered compensation. See
Ops. Att'y Gen. 95-061, 95-004; see also Op. Att'y Gen. 97-108. Accordingly, it may reasonably be concluded that the payment of health insurance premiums would be considered "compensation" as that term is used in A.C.A. § 24-11-818(f).[1]
Finally, I have previously opined that a city's payment of a portion of the health insurance premiums for the city's fire and police department retirees violates state law, because such payments unlawfully increase or supplement the amount of benefits being received by the retirees in a manner that is contrary to the provisions of A.C.A. § 24-11-101 through -830.[2] See Ops. Att'y Gen. 97-196, 97-131 (copy enclosed), 96-043 (copy enclosed).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It should be noted that A.C.A. § 24-11-818(f)(1) (Repl. 1996) provides: "For purposes of this subsection, the term `compensation' shall not include any money received by the retired fire fighter for replacement of personal clothing or equipment destroyed during the performance of active service to a fire department."
[2] Because health insurance for retirees is a significant local concern, I note that Act 1098 of 1997 amends A.C.A. § 24-12-129 to provide: "When any municipal official or municipal employee age fifty-five (55) or over, who has completed twenty (20) years of service to the municipality and who is vested in the retirement system retires, the official or employee may continue to participate in the municipality's health care plan, receiving the same medical benefits and paying the same premium as active employees as long as the retired official or employee pays both employer and employee contributions to the health care plan."